IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| NJERI WILLIAMS<br>South District<br>St George, Barbados, 19156<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC.<br>1 Skyview Drive<br>MD8B503, Corporate Secretary<br>Fort Worth, TX 76155<br><br>    Serve on Registered Agent:<br><br>Corporation Service Company<br>1090 Vermont Ave. NW<br>Washington, DC 20005<br><br>and<br><br>JANE DOE<br>Identified as Passenger 9F<br>ADDRESS UNKNOWN<br><br>    Defendants. | Civil Action No. _____<br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Njeri Williams, by and through undersigned counsel, hereby files this Complaint as follows.

### JURISDICTION AND VENUE

1. The Court has original jurisdiction over the matter complained of herein pursuant to 28 U.S.C. § 1332.

2. The Court has personal jurisdiction over the Defendant because the Defendant is a corporation which conducts business within the District of Columbia. The parties are diverse and the amount in controversy exceeds $75,000. Venue is therefore proper within the jurisdiction of the United States District Court for the District of Columbia.

## PARTIES

1. Plaintiff, **Njeri Williams**, is a resident of Barbados who resides in South District, St George, Barbados.

2. Defendant **American Airlines, Inc.** is a for profit corporation that conducts business in the District of Columbia with its headquarters located in Fort Worth, Texas.

## SUMMARY OF THE CASE

3. This case involves Defendant's negligent failure to keep Plaintiff safe from negligent conduct by its employees that caused Plaintiff to suffer injuries, pain and suffering.

## FACTUAL BACKGROUND

4. On or about May 30, 2021 at approximately 8:02 PM in the evening, Plaintiff was an invited guest onboard an American Airlines aircraft, (American Airlines Flight AA2123) to John F. Kennedy, New York.

5. Plaintiff was seated in the first row of the flight on the right side of the plane, facing the front of the plane.

6. Plaintiff was comfortably seated and had fallen asleep while waiting for the aircraft to take flight.

7. At some point, the aircraft began to move toward the runway.

8. As the plane made its way to the runway, the flight crew began to give the safety briefing.

9. During this time, a passenger in seat 9F ("Passenger 9F") was on FaceTime, on her cell phone, yelling and cursing loudly.

10. A member of the flight crew asked Passenger 9F to turn off her cell phone. Bur Passenger 9F began yelling loudly, refusing to get off the phone.

11. At this point, the flight crew decided to return the aircraft to the gate, and "possibly" have Passenger 9F removed from the flight.

12. An American Airlines manager boarded the aircraft, approached Passenger 9F and asked her to exit the aircraft and speak with him.

13. The American Airlines manager advised passenger 9F that she could leave her bags, because "he just wanted to speak with her at that point."

14. As Passenger 9F walked towards the front of the aisle, she stated that she did not want to leave her bags if she was "getting kicked off the plane."

15. The American Airlines manager continued to try and speak with Passenger 9F. However, Passenger 9F attempted to pass by the manager.

16. The manager failed to properly restrain Passenger 9F and prevent her from returning to the aisle of the aircraft.

17. The manager put his arms up to block her movement, but this was insufficient to properly keep the irate passenger from returning to the aisle of the aircraft.

18. Passenger 9F moved past the manager and started walking from the front of the aircraft down the aisle to her seat.

19. At the same time, a flight attendant was walking toward the front of the aircraft and became a physical block to Passenger 9F's pathway to retrieve her bags.

20. An altercation ensued between Passenger 9F and the flight attendant.

21. As a result of the altercation, the flight attendant fell on top of Plaintiff.

22. Plaintiff was suffering from a back injury at the time, and requested that medics be called to the scene.

23. Plaintiff was transported to the hospital for further treatment.

24. Passenger 9F was later removed from the aircraft, along with her property.

25. As a result of the negligent behavior of the American Airlines management and staff, Plaintiff was seriously injured and has been required to pay medical expenses, suffer physical pain, undergo painful medical treatment and physical therapy and suffer other damages and losses.

26. Defendant American Airlines caused Plaintiff's injuries by failing to manage Passenger 9F in a safe and controlled manner that would prevent the irate passenger from harming other passengers.

27. First, the American Airlines manager negligently asked Passenger 9F to exit the aircraft without her bags.

28. The manager negligently attempted to mislead Passenger 9F about whether she was being removed from the aircraft. This failure created a dilemma in which Passenger 9F reacted more irate to retrieve her bags after she realized the manager had mislead her about what was about to occur.

29. The manager failed to properly require Passenger 9F to retrieve her bags and peacefully remove herself from the aircraft.

30. Rather, the manager attempted to separate an obviously irate, unreasonable and non-compliant passenger from her belongings during a hostile interaction.

31. The manager attempted to convince Passenger 9F to leave the aircraft under the auspices that "he just wanted to speak with her."

32. The manager's negligent mismanagement of the situation created the circumstances which lead to Passenger 9F ascertaining her fate and physically forcing her way back to her belongings.

33. Had the manager properly told Passenger 9F to grab her belongings and remove herself from the aircraft, the subsequent altercation between her and the flight attendant would not have happened.

34. Next the flight crew negligently summonsed a flight attendant to report to the fron the aircraft while the manager was attempting to remove an obviously irate, unreasonable and non-compliant passenger from the aircraft.

35. In response to the flight crew's negligent summons, the flight attendant that ultimately confronted Passenger 9F and who fell on top of Plaintiff was set on a crash course with Passenger 9F during a hostile and potentially dangerous removal process.

36. To add on to the manager's negligent mismanagement of Passenger 9F, the American Airlines flight attendant-who was negligently summonsed to the front of the aircraft by the flight crew-further exacerbated the hazardous environment by physically confronting and blocking the pathway of an obviously irate, unreasonable and non-compliant passenger.

37. The flight attendant's physical confrontation and blockage of Passenger 9F's pathway to her bags resulted in a confrontation in which the flight attendant fell on top of Plaintiff.

38. Upon information and belief, Defendant American Airlines has policies and procedures on how to properly remove an irate passenger in a manner that avoids physical injury to passengers and staff.

39. Upon information and belief, the Defendant's aircraft staff failed to adhere and implement those policies and procedures when addressing Passenger 9F's conduct.

40. Defendant failed to properly restrain and remove Passenger 9F from the aircraft in a manner that avoided physical injury to other passengers, including Plaintiff.

41. As a result of Defendant's negligent conduct, Plaintiff sustained serious injury and suffered other losses and damages.

42. Plaintiff has suffered physical injuries, bodily pain and has been required to pay for medical expenses and other costs as a result of Defendant's negligence.

## COUNT I
## NEGLIGENCE

43. Plaintiff incorporates by reference all allegations in paragraphs 1-42 of the Complaint as if fully stated herein.

44. At all times relevant herein, Defendant knew or should have known that the irate passenger onboard the American Airlines jetliner would create a hazardous environment for other passengers if not peacefully removed from the aircraft.

45. Defendants had a duty to keep the premises safe and clear from dangerous conditions for all invited guests on May 30, 2021 in compliance with reasonable standards of care.

46. At all times relevant, Mrs. Williams was an invited guest on Defendant's aricraft on May 30, 2021.

47. Defendant breached its duty of care to Plaintiff by failing to properly manage the removal of Passenger 9F from the aircraft in a peaceful manner.

48. As a direct and proximate result of the acts and omissions of Defendant, Mrs. Williams has suffered and continues to suffer bodily injury, medical and economic and non-economic damages.

**WHEREFORE,** Plaintiff Njeri Williams demands judgment against Defendant

American Airlines, jointly and severally, as follows:

    A.    Compensatory damages to Plaintiff in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00); and

    B.    Incidental and consequential damages to Plaintiff in an amount of Two Hundred Fifty Thousand Dollars ($250,000.00);

    C.    Costs and post-judgment interest; and

    D.    Such other relief as this court deems necessary and appropriate

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

BOND LAW, PLLC

By: _____
Johnnie D. Bond, Jr.
3221 M St NW
Washington, DC 20007
Phone: 202-683-6803
Fax: 202-478-2252
jbond@bondpllc.com

*Attorneys for Plaintiff*

## **VERIFICATION OF COMPLAINT**

I, NJERI WILLIAMS, HEREBY VERIFY UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING ALLEGATIONS AND INFORMATION AS PROVIDED HEREIN IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND MEMORY.

*/s/ Njeri Williams*
Njeri Williams